# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CAROLYN SCHUBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-12-639-D |
| | ) | |
| AMERIPRIDE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is the motion [Doc. No. 27] of Defendant Ameripride Services, Inc. ("Ameripride") for summary judgment. Pursuant to Fed. R. Civ. P. 56, Ameripride argues the undisputed material facts entitle it to judgment as a matter of law on Plaintiff's claim. Plaintiff timely responded to the motion.

Background:

Plaintiff brought this action in the District Court of Texas County, Oklahoma, alleging that Ameripride is liable to her for injuries she sustained in a fall at the Big D Café in Hardesty, Oklahoma. Ameripride removed the action to this Court, basing subject matter jurisdiction on 28 U. S. C. § 1332 because there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

Plaintiff contends that, at the time of her fall, she was employed as a waitress at the Big D Café. Ameripride provided certain cleaning services to the café, including the weekly removal of soiled towels, aprons, and floor mats. Ameripride's employees removed the soiled items for cleaning, and replaced them with clean items. According to Plaintiff, prior to her fall, Ameripride's

---

[1] Plaintiff does not dispute the propriety of diversity jurisdiction.

employee left a rolled-up floor mat or mats[2] in an area where mats had not previously been placed. Plaintiff tripped over the rolled-up mat, which had been left unattended by Ameripride's employee, and she fell. Plaintiff contends that Ameripride's employee was negligent in leaving the unattended mat in the work area and in failing to warn Plaintiff of its placement in an area in which she walked while performing her job duties.

Ameripride denies negligence, and contends that the mat was open and visible to Plaintiff and others. It argues that Plaintiff was aware of its employee's weekly work routine, that she knew he was performing his usual work at the time, and that his actions were not unusual. Ameripride contends that the evidence establishes Plaintiff cannot prove the elements of her negligence claim. Plaintiff argues that disputed facts preclude summary judgment.

Summary judgment standard:

Summary judgment is proper where the undisputed material facts establish that one party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one which may affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). To avoid summary judgment, a plaintiff must present more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict for the non-moving party." *Id.* The facts in the record and reasonable inferences therefrom must be viewed in the light most favorable to the nonmoving party. *Swackhammer v. Sprint/United Mgmt. Co.,* 493 F.3d 1160, 1167 (10th Cir. 2007); *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005). However, to establish the existence of

---

[2] The record reflects that the parties sometimes refer to these as mats, but also identify them as rugs. For convenience, the Court refers to them as mats. The record also reflects that, although the Petition alleges Plaintiff tripped over a rug, she testified in her deposition that there may have been two rolled up rugs or mats.

2

a "genuine" material factual dispute, the nonmoving party must present evidence to show more than "some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 45 U.S. 574, 588 (1986).

Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, the defendant is entitled to judgment on that cause of action. *Celotex,* 477 U.S. at 322. It is not the responsibility of the summary judgment movant to disprove the plaintiff's claim; rather, the movant need only point to "a lack of evidence for the nonmovant on an essential element" of the claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). The burden then shifts to the nonmovant to "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* (citations omitted).

In opposing a summary judgment motion, a plaintiff cannot rely on the allegations in her complaint, her personal beliefs, or conclusory assertions; instead, she must come forward with evidence outside the pleadings sufficient to create a factual dispute with regard to the issue on which judgment is sought. Fed.R.Civ.P. 56(c); *Celotex*, 477 U.S. at 324. The facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein. *Adler,* 144 F.3d at 671 (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.1992), *cert. denied,* 506 U.S. 1013 (1992)).

"The purpose of a summary judgment motion is to assess whether a trial is necessary." *Berry v. T-Mobile USA, Inc.,* 490 F. 3d 1211, 1216 (10th Cir. 2007). "In other words, there 'must be evidence on which the jury could reasonably find for the plaintiff.'" *Id.* (quoting *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir.1995)).

3

The record before the Court:

The parties do not dispute that, while working at the Big D Café on November 5, 2010, Plaintiff tripped over a rolled-up floor mat or mats. She fell, and sustained injuries. At the time, Plaintiff had worked at the café since 2007 and, throughout her employment, an Ameripride employee made weekly trips to remove soiled aprons, towels, and floor mats, and replace them with clean items. Plaintiff had observed an Ameripride employee, identified as Joe,[3] performing these weekly tasks on as many as one hundred occasions, and she was familiar with his work routine. Plaintiff's deposition ("dep."), 32:9-21, Ameripride Ex. 1.

The incident occurred at approximately 10:30 a.m., while Plaintiff was assisting the cafe's owner in preparing a large carry-out order. When the food was prepared, each order was placed in a styrofoam container; the containers were then moved from the food preparation area to a table where they would be picked up by the customer. While Plaintiff was carrying three styrofoam containers from the food preparation area to the table, she walked around the corner of the bar, and tripped over a rolled-up mat or mats leaning against the bar. Plaintiff's dep., 39:24-25; 40:1-5; 47: 9-15, 20-23. There were four mats used in the café; one was placed by the front door and one by the back door, and the other two were placed behind the bar. The mats behind the bar measured approximately two feet by six feet, and each door mat measured about two feet by four feet. Plaintiff's dep., 34:5-25; 35:1-18. The mats were either blue or gray, and each had a black rubber backing. *Id.*, 35:19-25. When the mats were rolled up and standing on end, they were about two to three feet tall. Plaintiff's dep., 70: 6-15. Plaintiff testified that she was not distracted by anything at the time she fell, and her vision was not obstructed. Although she admitted that she could have

---

[3]Plaintiff did not know Joe's last name, and there is no evidence of his full name in the record.

avoided the mat if she had been looking down, she also testified that the rolled up mats had never previously been left unattended in that area. *Id.*, 59:7-13; 14-25. According to Plaintiff, Joe usually brought the clean mats and other items into the café and placed them in the back room before he removed the soiled mats; he would then put the clean mats in place. Plaintiff's dep., 37:2-6;106:21-23; 108:1-2. Occasionally, he would stand with the mats near the bar and not put them in place until the employees moved out of the area, but he did not leave the mats unattended. *Id.*, 60:1-4. Plaintiff also testified that, prior to her fall, she had walked through the same area at least three or four times that morning, and did not see any rolled-up mats leaning against the bar. Plaintiff's dep., 59:7-13.

Plaintiff also testified that, after she fell, Joe said he should have told her he left the mat leaning against the bar. Plaintiff's dep., 69:4-23. The record does not contain a statement or deposition of Joe[4] or of any other individual who witnessed the incident. At the time of the incident, the café owner, Debbie Brock, was present and was preparing the food for the order to be picked up. One customer, Charlie Owens, was also present and was seated at a table. *Id.,* 31:2-4.

It is not disputed that Ameripride's employee was working within the scope of his employment when the incident occurred. The parties also agree that Oklahoma law governs Plaintiff's claim.

Application:

Plaintiff contends that, by leaning the mat(s) against the bar area, Ameripride's employee was negligent because he created a hidden danger, and he failed to warn Plaintiff of that danger. Where an employee breaches a duty of due care while acting within the scope of his employment,

---

[4]During Plaintiff's deposition, Ameripride's counsel indicated that Joe is deceased. Plaintiff's dep., 69:1-3.

5

his employer is liable for injuries caused by the breach under the common law doctrine of *respondeat superior. Bierman v. Aramark Refreshment Services, Inc.*, 198 P.3d 877, 879 n. 3 (Okla. 2008). Because it is not disputed that Joe was acting in the scope of his employment at the time, Plaintiff seeks to hold Ameripride liable for his negligence. Plaintiff must first establish, however, that Defendant's employee was negligent.

To establish a *prima facie* case of negligence under Oklahoma law, Plaintiff must prove that 1) a duty was owed to her; 2) the duty was breached because it was not properly exercised or performed; and 3) the breach of duty proximately caused Plaintiff to suffer harm. *Thompson v. Presbyterian Hospital, Inc.*, 652 P.2d 260, 263 (Okla. 1982). "Any claim of negligence depends on the existence of a duty and the breach of that duty." *Brewer v. Murray*, 292 P.3d 41, 46 (Okla. Civ. App. 2012) (citing *Wofford v. Eastern State Hosp.*, 795 P.2d 516, 518 (Okla. 1990)). "'Whether a duty exists is a question of law.'" *Id.* (quoting *Wofford*, 795 P.2d at 521).

"[A] person owes a duty of care to another person whenever the circumstances place the one person in a position towards the other person such that an ordinary prudent person would recognize that if he or she did not act with ordinary care and skill in regard to the circumstances, he or she may cause danger of injury to the other person." *Brewer*, 292 P.3d at 46 (quotations omitted). In such cases, "'the duty at once arises to exercise care commensurate with the situation in order to avoid such injury.'" *Id.* (quoting *Union Bank of Tucson v. Griffin*, 771 P.2d 219, 222 (1989) (internal citations omitted)).

Ameripride does not dispute that its employee had a duty to perform his work with due care. Nor does it dispute that, if he was aware of a danger to others, he had a duty to warn them. However, it contends that negligence cannot be established in this case because the employee did

6

not create a hidden danger when he left the mat(s) unattended and leaning against the bar. Instead, it argues the evidence shows the mat(s) were open and obvious to Plaintiff. Ameripride argues that, because Plaintiff admits she would have seen the mat(s) if she had looked down, she cannot show that they presented a hidden danger which triggered its employee's duty to warn her.

"'[T]he characteristic of an item as being observable...cannot, by itself, require that item to be declared as a matter of law an open and obvious danger." *Julian v. Secured Inv. Advisors*, 77 P.3d 604, 608 (Okla. Civ. App. 2003) (quoting *Zagal v. Truckstops Corp. of America*, 948 P.2d 273, 275 (Okla. 1997)). "All of the circumstances must be examined to determine whether a particular condition is open and obvious to the plaintiff" under the facts presented. *Zagal*, 948 P.2d at 275 (citing *Brown v. Nicholson*, 935 P.2d 319, 322 (Okla. 1997)). "The Oklahoma Supreme Court has rejected the 'open and obvious' defense in several cases where the condition or defect was visible but, nevertheless, unseen by the plaintiff." *Julian*, 77 P.3d at 608.

In *Julian*, the court cited Oklahoma Supreme Court decisions addressing the issue, and it concluded that whether a condition is open and obvious depends on the specific circumstances of each case, and the question must be determined by a jury. *Id.* (citing *Phelps v. Hotel Mgmt., Inc.*, 925 P.2d 891 (Okla. 1996) (plaintiff struck a glass bowl with the back of her head while taking her seat on a bench – although the glass bowl was visible, whether its position, in relation to the seating area, made it something other than harmless was a jury question); *Roper v. Mercy Health Ctr.*, 903 P.2d 314 (Okla. 1995) (plaintiff tripped over small light fixture installed in sidewalk, and whether her claim of not seeing the fixture because of pedestrian traffic was sufficient to treat fixture as a hidden defect was an issue to be determined by a jury)). Following this precedent, *Julian* held that a fact issue was presented where a plaintiff tripped on a piece of concrete debris on an exterior

7

walkway. Although the defendant argued the obstacle was open and obvious, the Court held that "reasonable minds could differ" as to whether the sidewalk debris constituted an open and obvious hazard. *Julian,* 77 P.3d at 608. Accordingly, it reversed the trial court's grant of summary judgment to the defendant. *Id.* at 608-09.

In *Zagal*, the court faced circumstances similar to those in the instant case. There, the plaintiff tripped over a cardboard box that was partially under a shelf and partially obstructed the aisle of a convenience store; she fell after turning the corner of the aisle and tripping over the box. The plaintiff argued the box was at least partially concealed, and she did not see it until after she fell. According to the plaintiff, she was not looking at the floor when she turned the corner, and she was familiar with the store premises. Noting the box was two to three feet long and approximately two feet high, the defendant argued it was open and obvious, and could not form the basis for a negligence claim. *Zagal*, 948 P.2d at 274. The court reversed the grant of summary judgment in favor of the defendant, holding that "reasonable minds" could "differ as to whether a concealed danger was created" under the circumstances. *Id.* at 275.

Most of the Oklahoma decisions addressing the issue of open and obvious hazards involve negligence claims against a premises owner. However, the parties do not cite any Oklahoma authority suggesting that a different analysis applies to the facts of this case, and the Court has not located such authority.

In this case, the only evidence regarding the manner in which Plaintiff's injury occurred is her own deposition testimony. Ameripride presents no contrary evidence to dispute her description of the occurrence, and the only evidence regarding the layout of the area in which she fell is a diagram drawn by Plaintiff during her deposition. The Court concludes that, based on Oklahoma

court decisions and construing the evidence in Plaintiff's favor, a factual dispute is presented with regard to whether the mat(s) at issues were open and obvious to Plaintiff. Accordingly, disputed facts preclude summary judgment, and the motion [Doc. No. 27] must be DENIED. The case will proceed on the issues presented.

IT IS SO ORDERED this 14th day of August, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE